UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

ADAM PATRICK PIGOTT and
KATHERINE MARIE OENNING PIGOTT                    Case No. 05-10327-MAM-7

    Debtors

**ORDER SUSTAINING UNITED STATES OBJECTION TO EXEMPTION**

Melissa W. Wetzel, Bond, Botes, Wetzel & Shinn, P.C., Attorney for Debtors, Mobile, AL
Charles Baer, Assistant U.S. Attorney, Mobile, AL

This case is before this court on the objection to exemptions filed by the United States in the Pigotts' case. The Government objects to the debtors' exemption of a 2004 federal tax refund of $5,125. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the court has the authority to enter a final order. For the reasons indicated below, the court is sustaining the objection of the United States to the debtors' claim of exemption.

FACTS

These facts are taken from the Pigotts' brief and the United States' brief. There is no factual dispute. The Pigotts filed a chapter 7 bankruptcy case on January 20, 2005. The Pigotts listed the Internal Revenue Service as a creditor owed unsecured income tax debts for the years 1996, 1998, 1999, 2000 and 2003. The tax debt totaled about $10,236.00.

The Pigotts claimed an exemption in "Potential 2004 Federal and State Tax Refunds" on

1

Schedule C of their bankruptcy petition in the amount of $5,125.00. The Pigotts had not filed their 2004 federal tax return by the time they filed their bankruptcy case.

On April 15, 2005, the debtors filed a request for an extension of their federal tax return filing for 2004. The court does not know if the return has been filed yet. They are to this date not certain of the exact amount of any refund. However, whatever it is, the Pigotts claim $5,125.00 as an exempt asset.

The debtors and the IRS disagreed about whether all of the tax debts for 1996, 1998, 1999 and 2000 were dischargeable due to the Pigotts bankruptcy filing.[1] The debtors filed an adversary proceeding to determine the dischargeable status of the taxes. The Pigotts and the United States reached an agreement that the 1996 and 1998 tax debts are dischargeable and the 1999 and 2000 tax debts are not dischargeable.

On May 12, 2005, the United States filed an objection to the exemption of the 2004 refund and the Pigotts contest the objection.

LAW

The issue presented is whether the IRS is entitled to offset the unpaid dischargeable tax debt of the debtors against any tax overpayment prior to remitting a refund to the debtors.[2] The case law on this subject espouses at least two opposing views. *See* Craig Gargotta, *The IRS's Right to Collect Discharged Taxes Against Tax Refunds*, Am. Bankr. Inst. J. Sept. 2001, at 8; *Effect on U.S. Set-off Rights of Treating Bankrupt Taxpayer's Overpayment as Exempt Property*,

---

[1] The parties did not have a dispute about the nondischargeability of the 2003 taxes.

[2] The IRS typically will, as allowed by law, offset any overpayment in a bankruptcy setting, first against dischargeable tax debts and then, if the overpayment is not exhausted, against nondischargeable tax debt.

Fed. Tax Coordinator 2nd (RIA), ¶ T-6009.1 .

What was called the majority view, at least until 2001, is set forth in the Alabama case of *In re Jones*, 230 B.R. 875 (M.D. Ala. 1999) and the Georgia case of *U.S. v. Johnson (In re Johnson)*, 136 B.R. 306 (Bankr. M.D. Ga. 1991).[3] The opposing view is set forth in *U.S. v. Luongo*, 259 F.2d 323 (5th Cir. 2001), *In re Bourne*, 262 B.R. 745 (Bankr. E.D.Tenn. 2001) and *In re Lyle*, 324 B.R. 128 (Bankr. N.D. Cal. 2005).[4]

Section 553 of the Bankruptcy Code states:

> Except as provided in this section and in sections 362 and 262 of this title, this title [the Bankruptcy Code] does not affect any right of a creditor to offset a mutual debt owing by such creditor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

This setoff provision of the Code "preserves the right of setoff where there are mutual, pre-petition obligations owing between the debtor and the creditor, and a right to setoff the obligations exist[s] under non-bankruptcy law." *Bourne* at 749. Section 553 does not create a federal right of setoff. It preserves setoff rights that otherwise are present under nonbankruptcy law. *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 133 L. Ed. 2d 258, 116 S.Ct. 286 (1995). In this case, the IRS claims a right under nonbankruptcy law, 26 U.S.C. § 6402, to set off the unpaid tax debts (dischargeable ones first) against any 2004 tax refund of the Pigotts.

When a debtor files a bankruptcy petition and has not yet received a tax refund owed to the debtor for the year preceding the filing, there is a nonbankruptcy setoff statute implicated.

---

[3] There are other case that follow this line of reasoning. The court is using these two cases as examples that fully set forth the arguments.

[4] See footnote 3. *See also In re Junio,* 2002 WL 32001412 (E.D.N.Y. 2002).

3

Section 6402(a) of title 26 states:

> (a) General rule.—In the case of any overpayment, the Secretary [of the Treasury], . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsection (c), (d) and (e), refund the balance to such person.

Case law has held that there is a distinction between an overpayment and a refund. "An 'overpayment' is defined as 'any payment made by the taxpayer over and above the tax liability.'" *Pettibone Corp. v. U.S. (In re Pettibone Corp.)*, 151 B.R. 156 (Bankr. N.D. Ill. 1992)(citing *Steiner v. Nelson*, 309 F.2d 19, 21 (7th Cir. 1962); *In re Siebert Trailers, Inc.*, 132 B.R. 37,41 (Bankr. E.D. Cal. 1991)). A refund is "an obligation of the IRS to pay the taxpayer an overpayment." *Id.* (citing the same cases and *Bellows v. U.S.*, 86-2 U.S.T.C. ¶ 9564 (N.D. Ill. 1986)). An overpayment "does not necessarily create a debt due to the taxpayer because . . . [the taxpayer] has no right to . . . [an] overpayment until after the IRS has exercised its discretionary powers under I.R.C. § 6402(a)." *Id.* at 163. The taxpayer only has a refund right after the IRS has credited any overpayment to other underpaid taxes, if the IRS chooses to do so. *Id.* The case of *Estate of Bender v. Comm'r of Int. Rev. Service*, 827 F.2d 884 (3rd Cir. 1987) held that overpayments are not assets of the taxpayer until the IRS credits any overpayment to unpaid taxes. "We are not persuaded that it is reasonable for a taxpayer to assume that he will receive an income tax refund from the IRS when he has a net income tax liability in his overall account, particularly when the published policy of the IRS states that offsets are applied as a matter of course." *Id.* at 887. *See also Campbell v. U.S.*, 889 F.2d 658, 661 (5th Cir. 1989).

Section 522(c) of the Bankruptcy Code states that

property exempted under this section is not liable during or after the case for any

4

> debt of the debtor that arose, or that is determined under section 502 of [the Bankruptcy Code] as if such debt had arisen, before the commencement of the case, except—
> (1) a debt of a kind specified in section 523(a)(1) or 623(a)(5) of this title;
> (2) a debt secured by a lien that is—
> (A)(1) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
> (ii) not void under section 506(d) of this title; or
> (B) a tax lien, notice of which is properly filed; or
> (3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

In this case, the Pigott 2004 tax refund is not included in any of the exceptions to 522.

Therefore, the question at issue arises. Section 553 would seem to allow the IRS to exercise its setoff right. However, section 522 states that exempt property is not liable for discharged debts. Which section governs? If section 553 governs, then the Pigott's tax refund can be set off by the IRS against the dischargeable taxes of the Pigotts leaving the Pigotts with the full amount of the nondischargeable taxes to pay after their bankruptcy discharge. If section 522 governs, the IRS can set off the tax refund, but only against the nondischargeable taxes.

The *Jones* and *Johnson* cases hold that section 522 trumps section 553.[5] Judge Albritton found three factors dictated that section 522 should govern.

> First, if the court found that a creditor could exercise a right of setoff against exempt property, § 522(c) would be nullified. . . As a result, a debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of setoff under § 553(a). . . In contrast, by construing the provisions to allow a setoff to the extent that the debtor has not exempted property, the court gives effect to both § 522(c) and § 553(a). . . Second, the chief policy behind the Bankruptcy Code—providing the debtor with a fresh start—is

---

[5] This court ruled in accord with the *Jones* and *Johnson* decisions in an unpublished case, *In re Dodd*, Case No. 96-11505, Order Denying U.S. Motion for Relief from the Automatic Stay (Bankr. S.D. Ala. December 6, 1996).

5

Case 05-10327    Doc 17    Filed 08/05/05    Entered 08/05/05 09:11:15    Desc Main
Document      Page 5 of 8

furthered under [this theory]. . . This fresh start allows the debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). . . Third, the legislative history of § 522 supports the court's conclusion. Senate Bill 2266 contained a version of § 522(c) that would have allowed the IRS to validly perform the setoff in question. However, that version of § 522(c) was rejected by Congress, thereby "indicating that Congress 'did not intend that exempt property be liable to the payment of dischargeable tax debts.'"

*Jones*, 230 B.R. 880-81 (citations omitted).

The cases in opposition to *Jones* and *Johnson* state that the plain language of section 553 states that "*this title* does not affect any right of a creditor to offset a mutual debt." "This title" means all of the Bankruptcy Code—title 11. *Ramirez v. Minn. Dep't of Revenue (In re Ramirez)*, 266 B.R. 441, 446 (Bankr. D. Minn. 2001). Also, §§ 522 and 553 are not in conflict. They can be read to give meaning to both. Section 522 allows a debtor to exempt any part of a tax refund not subject to setoff under § 553. *Junio* at *6. Finally, section 542(b) of the Bankruptcy Code provides:

> Except as provided in subsection (c) or (d) of this section [section 542], an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor*.

This Code section "enables a creditor who has a valid right of setoff to retain the property, regardless of its exempt status." *In re Eggemeyer*, 75 B.R. 20, 22 (Bankr. S. D. Ill. 1987). According to the view allowing setoff, this section, coupled with section 553, show a strong intent by Congress to favor setoff. However, the opposing view states that section 542(b) applies only to property of the estate and exempt property is not property of the estate. *Jones* at 881-82.

6

Finally, at least two recent cases add a new argument. The *Luongo* and *Lyle* cases hold that a tax refund is not even property of the estate that a debtor can exempt until after the IRS effects its setoff. Therefore, none of the other arguments are even relevant. "A debtor's claim to a tax refund is property of the estate. . . However, under 26 U.S.C. § 6402(a) the debtor is generally only entitled to a tax refund to the extent that her overpayment exceeds her unpaid tax liability. . . Section 6402(a) grants the IRS discretion whether to offset against a debtor's tax liability or to refund the overpayment to the taxpayer." *Luongo* at 335. "[T]he express provisions of the Internal Revenue Code make it clear that the debtor's interest in a refund is contingent on the subsequent statutory determination of what portion of the overpayment, if any, the debtor is entitled to receive as a refund." *Lyle* at 131 (citations omitted).

But for the newest argument as to the status of a refund as property of the estate or not, this court would rule in accord with *Jones* and *Johnson*. The court still finds the cases in opposition to the *Jones* position to be less persuasive. However, the new issue of whether the potential refund for 2004 is even property of the estate changes the matter. This argument was not made in the early cases, at least not as clearly as it is being articulated in *Luongo* and *Lyle*.

This court concludes that 26 U.S.C. § 6402(a) precludes the 2004 tax overpayment of the Pigotts from being part of the bankruptcy estate until the Secretary of the Treasury releases it to them as a refund. Section 6402(a) states that "[i]n the case of any overpayment, the Secretary [of the Treasury] . . . shall. . . refund any balance to [the taxpayer]." However, offset of unpaid tax liabilities shall occur before any refund is owed to a taxpayer. A debtor "is only entitled to a tax refund to the extent that her overpayment exceeds her unpaid tax liability." *Luongo* at 335.

The debtors argue that section 6402(a) uses the word "may" instead of "shall" in its text

and, therefore, since the section is permissive and not mandatory, the overpayment is at least a contingent property interest of the estate. However, the court is convinced that the tax law that holds that an overpayment is not the same as a refund is correct. Since an overpayment is not credited to the debtor until after offsets have occurred, if the IRS chooses to make such offset, there is no property interest in a debtor until the refund has been declared.

In this case, the Pigotts owe the IRS dischargeable taxes and nondischargeable taxes. To the extent that the United States can exercise a right of setoff pursuant to § 553 of the Bankruptcy Code and § 6402 of title 26, the Pigotts have no legal right to a refund and, thus, the refund never becomes property of the estate in which the Pigotts have a right to claim an exemption.

THEREFORE IT IS ORDERED that the objection of the United States to the Pigotts claim of exemption of their 2004 federal income tax refund is SUSTAINED and the exemption is disallowed in its entirety to the extent of the United States rights under 11 U.S.C. § 553 and 26 U.S.C. § 6402.

Dated: August 5, 2005

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

8

Case 05-10327    Doc 17    Filed 08/05/05    Entered 08/05/05 09:11:15    Desc Main
Document      Page 8 of 8